CHERUBINI, APPELLEE, *v.* JONES ET AL., APPELLANTS.

(No. 6885—Decided January 30, 1962.)

*Mr. David H. Thomas*, for appellee.
*Mr. H. Andrew Bain*, for appellants.

*Per Curiam.* This matter comes on for consideration on a motion to dismiss the appeal for failure to prosecute. The motion was filed on behalf of Ray J. Cherubini, plaintiff, appellee herein. Dedger Jones and others are defendants, appellants herein.

The judgment entry of the Court of Common Pleas of Franklin County overruling a motion for a new trial was filed on September 19, 1961, and the notice of appeal was filed on October 4, 1961, at which time a praecipe was filed directing the clerk to "prepare and file in the Court of Appeals a transcript of docket and journal entries, all original papers, bill of exceptions and exhibits in the above-styled case."

Pursuant thereto, the transcript of docket and journal entries and original papers was filed and the case was docketed in this court on October 5, 1961. No further action appears to have been taken on behalf of appellants in the way of filing any documents in this court during October or November 1961, but appellants' brief and assignment of errors was filed on December 5, 1961. It appears that the errors complained of are as follows:

"Misconduct of counsel for plaintiff during trial.

"The damages awarded to the plaintiff and against the defendant by the jury verdict are excessive and appear to have been given under passion and prejudice.

"The final order and judgment herein is not sustained by sufficient evidence."

It seems clear that for this court to pass upon the errors assigned above a bill of exceptions will be necessary. It further appears that such bill of exceptions was due to be filed in the trial court "not later than forty (40) days after the perfecting of the appeal" or on November 13, 1961. Rule VII, A (1) (a), of the Rules of the Courts of Appeals, applicable here, reads as follows:

"If a bill of exceptions is required to portray the claimed error or errors in the proceedings below, it shall be filed in the cause in the trial court not later than forty (40) days after the

perfecting of the appeal by the filing of notice of appeal within the time provided by Section 2505.07, Revised Code.''

On November 28, 1961, more than two weeks after the expiration of the time for the filing of the bill of exceptions with the court below, appellee filed the motion to dismiss now under consideration. On December 5, 1961, counsel for appellants filed a memorandum in opposition to the motion to dismiss, contending that the failure to file the bill of exceptions within the time limit above set forth is not jurisdictional, relying upon the provisions of Rule VII, D, 1, which are as follows:

''Upon failure of the appellant to file his bill of exceptions, assignments of error, briefs or trial briefs as herein required, unless good cause is shown to the contrary, the cause will be dismissed for want of prosecution or otherwise disposed of at the discretion of the Court.''

Appellants argue that the phrase, ''unless good cause is shown to the contrary,'' in the above rule, authorizes this court to waive late filing when good cause is shown for the delay. We need not decide this question for the reason that no effort has been made to show ''good cause'' for the failure to comply with the rule.

The bill of exceptions was not filed in the trial court until November 29, 1961, which was sixteen days after the expiration of the time limit as hereinabove pointed out. It appears therefore that the motion to dismiss the appeal is well taken and must be sustained and the cause remanded for further proceedings in accordance with law.

*Motion sustained.*

DUFFEY, P. J., BRYANT and DUFFY, JJ., concur.